EXHIBIT B

DOCUMENT 1

ELECTRONICALLY FILED
6/2/2022 3:17 PM
69-CV-2022-900026.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>69<br><br>Date of Filing:<br>06/02/2022 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### TAMEKA MICHELE CARRUTHERS v. VARIETY WHOLESALERS, INC.

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

COO101

6/2/2022 3:17:38 PM
Date

/s/ JONATHAN WESLEY COONER
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☑ YES ☐ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**  ☐ YES ☐ NO

DOCUMENT 2

ELECTRONICALLY FILED
6/2/2022 3:17 PM
69-CV-2022-900026.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
PAIGE SMITH, CLERK

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

TAMEKA MICHELE CARRUTHERS,   )
an individual,   )
   )
      Plaintiff,   )
   )
v.   )   CASE NO.: _____
   )
VARIETY WHOLESALERS, INC.,   )
a foreign corporation,   )

FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor at the premises in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to TAMEKA MICHELE CARRUTHERS and other invitees at the premises in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the materials used for travel by the persons at the premises in question and at issue in this lawsuit;  No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named TAMEKA MICHELE CARRUTHERS, No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the person in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the materials at the premises in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, TAMEKA MICHELE CARRUTHERS, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint;  No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of

this lawsuit;  No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage;  No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above;  No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein;  No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint;  No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, **TAMEKA MICHELE CARRUTHERS, as alleged in this lawsuit; No. 19, being the person, firm, partnership or corporation doing business as Roses Discount Store at 1244 South Eufaula Avenue, Eufaula, Alabama:** Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

)
**Defendants.**                    )

## COMPLAINT

1.      Plaintiff, TAMEKA MICHELE CARRUTHERS (hereinafter "Plaintiff"), is an individual resident citizen of Barbour County, Alabama and is over the age of nineteen (19) years of age.

2.      Defendant, VARIETY WHOLESALERS, INC. (hereinafter "VARIETY"), is a foreign corporation, doing business as Roses Discount Store, in the State of Alabama and Barbour County.

3.      At the time and place made the basis of this lawsuit, and for some time prior thereto, the other fictitious party defendants are described as follows: **No. 1,** whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the floor and/or walkways located on the defendant's premises in Barbour County, Alabama; **No. 2,** whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding floor and/or walkway conditions that were hazardous to Plaintiff and other patrons in the store in

question in this lawsuit; **No. 3,** whether singular or plural, that entity or those entities who or which had a duty to inspect the floor and/or walkway in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the floor and/or area used for travel by the patrons at the business in question and at issue in this lawsuit; **No. 4,** whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous floor and/or walkway conditions to be present on the premises in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Plaintiff; **No. 5,** whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the premises in question and at issue in this lawsuit; **No. 6,** whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the floor and/or walkway materials present on the premises in question and at issue in this lawsuit; **No. 7,** whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, while at the premises involved in the occurrence made the basis of this suit; **No. 8,** whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; **No. 9,** whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; **No. 10,** whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; **No. 11,** whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; **No. 12,** whether singular or plural, that entity or those entities which reinsured or provided excess coverage; **No. 13,** whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 14,** being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; **No. 15,** being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; **No. 16,** being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; **No. 17,** being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; **No. 18,** being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining and operating the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, as alleged in this lawsuit; **No. 19,** being that person, firm, partnership or corporation doing business as Roses Discount Store in Eufaula, Alabama.  Plaintiff avers

that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

4.      On or about the 16th day of March 2021, Plaintiff was an invitee of Roses Discount Store at 1244 South Eufaula Avenue, Eufaula, Alabama in Barbour County, when Plaintiff suffered a fall resulting from the negligent/wanton action(s) and/or omission(s) of the owner(s) and/or employee(s) of VARIETY dba Roses Discount Stores.

5.      Defendant VARIETY, and/or one or more of the other fictitious party defendants listed and described hereinabove, negligently, recklessly, and/or wantonly caused or allowed Plaintiff to fall and suffer injuries and damages to her person by failing to maintain its premises and/or failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have known through their inspection of the premises for said hazardous conditions.  The Defendant, and one or more of the other fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous and/or dangerous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard of allowing the dangerous condition to be left and/or to remain on the premises in the path of invitees of Defendant VARIETY, and were negligent and/or wanton in creating a hazard on the floor, ground, and/or walkway on the premises in the path of guests and/or invitees of Roses Discount Store and/or VARIETY.

6.      As a proximate and direct result of the Defendant(s) wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

    (a.)    Plaintiff suffered injuries to her person including but not limited to fractured wrist and injuries to her back, pelvis and rectum;

    (b.)    Plaintiff was caused and will be caused in the future to undergo medical treatment in and about an effort to cure and treat said injuries;

    (c.)    Plaintiff has incurred and will incur in the future medical expenses in treatment of said injuries;

    (d.)    Plaintiff has been caused and will be caused to endure great pain and suffering;

    (e.)    Plaintiff has been caused and will be caused to suffer injury that caused and will cause residual problems;

    (f.)    Plaintiff has been caused to be permanently injured;

    (g.)    Plaintiff has been caused to suffer mental anguish;

    (h.)    Plaintiff has been caused to suffer lost wages;

    (i.)    Plaintiff has caused to suffer aggravation and or exacerbation to then existing conditions that he either did or did not know of at the time; and

    (j.)    All other damages to which Plaintiff may be entitled.

## COUNT I - NEGLIGENCE

7.      On or about the 16th day of March 2021, Plaintiff was an invitee of VARIETY doing business as Roses Store in Eufaula, Alabama in Barbour County, when Plaintiff suffered a fall resulting from the negligent action(s) and/or omission(s) of the owner(s) and/or employee(s) of VARIETY doing business as Roses Store.

8.      Defendant VARIETY, and one or more of the fictitious party defendants listed and described hereinabove, negligently caused or allowed Plaintiff to fall upon the floor, ground, and/or walkway on their premises and failed to keep and maintain its premises to be free and clear of potentially hazardous conditions.  The Defendant, and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard or not warning their patrons of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by guests, patrons or invitees.  Further, Defendants, whether named herein or fictitiously described hereinabove, were negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises and was a hazard to their guests or invitees.

9.      As a proximate and direct result of Defendants wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

        WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT II – RECKLESSNESS AND WANTONNESS

10.     Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

11.     Defendant VARIETY, and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed Plaintiff to fall upon the floor, ground, and/or walkway at their premises and failed to keep and maintain its premises in a manner to be free and clear of potentially hazardous conditions and to warn its invitees of the aforementioned conditions.  The Defendant, and one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the

hazardous condition, were wanton and/or reckless in creating a hazard of a dangerous material on the floor in the path of guests or invitees and were wanton and/or reckless in affirmatively creating a hazard of allowing hazardous and dangerous conditions and/or materials to be placed or allowed to remain on a route regularly used by its guests or invitees in a location that would likely lead to harm to its guests or invitees due to the location of the hazard.

12.     Defendant VARIETY, and/or one or more of the fictitious party defendants listed and described hereinabove, wantonly and/or recklessly caused or allowed the hazard at issue in this lawsuit to be placed, or did place or allow to remain in a regularly used area of travel in a location that was dangerous and likely to cause injury to their guests or invitees and did cause injury to Plaintiff.

13.     As a proximate and direct result of Defendant's wrongful conduct as specifically mentioned above, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

        WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT III – PREMISES LIABILITY

14.     Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

15.     Defendant VARIETY, and/or one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly caused or allowed dangerous materials and/or conditions to be placed or to remain upon the premises in an area that was used by its guests or invitees to move around the business.

16.     At the aforesaid time and place, the Defendant, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place to traverse common areas on the premises. Further, if any defects in their owned or leased premises existed, the Defendant, and/or the other fictitious party defendants as listed and described hereinabove had the duty to warn its guests, patrons or invitees of hazards of which it knew or should have known that were not easily discoverable by the guests, patrons, or invitees. Said Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place to traverse common areas on the premises and by failing to warn him of the hazard and/or defect which he encountered which was known to them or which they negligently

failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

17.     Plaintiff avers that Defendants, whether named herein or fictitiously described in the caption hereinabove, negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff. The Defendants, and/or one or more of the fictitious party defendants listed and described in the caption hereinabove, negligently, wantonly, recklessly and/or willfully caused or allowed the dangerous materials to remain in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

18.     Plaintiff alleges that the injuries and damages were caused as a direct and proximate consequence of the negligent, willful and/or wanton conduct and/or other wrongful conduct of the Defendants, and/or the fictitious party defendants listed and described hereinabove.

19.     The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendants, including the fictitious party defendants, combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

20.     As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

        WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT IV - RESPONDEAT SUPERIOR AND AGENCY

21.     Plaintiff hereby realleges and reavers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

22.     Plaintiff avers and alleges that Fictitious Defendant 1-19 was the agent and employee of Defendant VARIETY, and consequently, Defendant VARIETY, and/or

other fictitious defendants, are liable for any negligent and/or wanton acts or omissions committed by Fictitious Defendant 1-19 while he or she was acting within the line and scope of their employment.

23.     Fictitious Defendant 1-19 negligently and/or wantonly caused or allowed the Plaintiff to fall on the occasion made the basis of this lawsuit, as aforesaid.

24.     Fictitious Defendant 1-19 was acting within the line and scope of his or her employment on the occasion made the basis of this lawsuit.

25.     As a proximate consequence of the negligence and/or wantonness of Fictitious Defendant 1-19, Defendant VARIETY, and/or other fictitious defendants, are liable to the Plaintiff for the damages set forth above in paragraph six (6) under the theories of respondeat superior and agency.

        WHEREFORE, PREMISES CONSIDERED, the Plaintiff hereby demands judgment against the Defendants, and/or other fictitious defendants, in an amount as the court may determine, together with interest from the date of the injury plus the costs of this action.

                        Respectfully Submitted,


                        /s/ Jonathan W. Cooner
                        **Jonathan W. Cooner (COO101)**
                        *Attorney for Plaintiff*



**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 983-8156
(205) 983-8456- Facsimile

DOCUMENT 2

**SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

VARIETY WHOLESALERS, INC.
Attn:  Corporation Service Company, Inc.
641 South Lawrence St.
Montgomery, AL  36104

DOCUMENT 2

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

TAMEKA MICHELE CARRUTHERS,  )
                               )
                               )
       Plaintiff,                )
                               )
v.                               )     CASE NO.:
                               )
VARIETY WHOLESALERS, INC.      )
                               )
       Defendant.             )
                               )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, VARIETY WHOLESALERS, INC.

**COMES NOW,** the Plaintiff and hereby propounds the following Request for Admissions to **VARIETY WHOLESALERS, INC.**, with regard to the above-styled cause of action:

1.      Please admit or deny that this case is filed in the proper venue.

       **RESPONSE:**

2.      Please admit or deny that the person(s) responsible for maintaining the premises at the location of the incident made the basis of this lawsuit was aware that the premises was not maintained in a safe condition on March 16th, 2021.

       **RESPONSE:**

3.      Please admit or deny that no warnings were used around the location of the incident made the basis of this lawsuit on the occasion made the basis of this suit.

       **RESPONSE:**

4.      Please admit or deny that persons were not directed away from defective area of the premises on the occasion made the basis of this lawsuit.

DOCUMENT 2

**RESPONSE:**

5.  Please admit or deny that no signs were placed at the location of the incident made the basis of this lawsuit which warned persons of the deceptive, defective and unreasonably dangerous condition of said premises.

    **RESPONSE:**

6.  Please admit or deny that an incident report was created regarding the incident made the basis of this lawsuit.

    **RESPONSE:**

7.  Please admit or deny that the Defendant Variety Wholesalers, Inc. did nothing to ensure proper maintenance and upkeep of the premises at the location of the incident made the basis of this lawsuit.

    **RESPONSE:**

8.  Please admit or deny that the Defendant Variety Wholesalers, Inc gave the Plaintiff no warning of the deceptive, defective and unreasonably dangerous condition on the occasion made the basis of this lawsuit.

    **RESPONSE:**

9.  Please admit or deny that Variety Wholesalers, Inc. is a proper party to this lawsuit.

    **RESPONSE:**

10. Please admit or deny that the Plaintiff was injured because of the defective and/or dangerous premises.

    **RESPONSE:**

DOCUMENT 2

11.     Please admit or deny that the Defendant Variety Wholesalers, Inc. engaged in further repairs and/or maintenance to the premises at the location made the basis of this lawsuit after the incident made the basis of this lawsuit occurred.

**RESPONSE:**

12.     Please admit or deny that Plaintiff had permission to be on the premises at the location and time made the basis of this lawsuit.

**RESPONSE:**

13.     Please admit or deny that Defendant Variety Wholesalers, Inc had inspected the floor during the hour prior to the incident made the basis of this lawsuit.

**RESPONSE:**

14.     Please admit or deny that the Plaintiff was an invitee on the premises.

**RESPONSE:**

15.     Please admit or deny that Defendant Variety Wholesalers, Inc. had allowed various members of the public be on its premises on March 16, 2021.

**RESPONSE:**

16.     Please admit or deny that there was a spill of detergent, or any other liquid, on the floor of Defendant's premises when Plaintiff fell in the incident made basis of this lawsuit.

**RESPONSE:**

                              Respectfully,


                              /s/ Jonathan W. Cooner
                              **Jonathan W. Cooner**
                              **(COO101)**

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile

<u>Please serve foregoing discovery with Complaint</u>

DOCUMENT 2

## IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

| | | |
|---|---|---|
| TAMEKA MICHELE CARRUTHERS, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO.:** |
| | ) | |
| VARIETY WHOLESALERS, INC. | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT, VARIETY WHOLESALERS, INC.

---

**COMES NOW** the Plaintiff in the above-styled cause and pursuant to the ALABAMA RULES OF CIVIL PROCEDURE propounds to Defendant **VARIETY WHOLESALERS, INC.,** the following requests for production to be answered and responded to within the next thirty (30) days.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter, and (b.) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify, and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which: (a.) you know the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

## DEFINITIONS

DOCUMENT 2

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" and "Yours" shall mean the defendant and each of its employees, agents, or representatives and all others acting on its behalf.

"Persons" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded or transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with a reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian.  If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.


## REQUESTS FOR PRODUCTION OF DOCUMENTS


1.      Please produce a complete and accurate copy of any and all policies of insurance which will or may provide coverage to you in the subject litigation.

**RESPONSE:**

DOCUMENT 2

2.      Please produce a complete and accurate copy of any security and/or surveillance video which captured and/or recorded the incident made the basis of this suit.

**RESPONSE:**


3.      Please produce a copy of any still color photographs taken of Plaintiff at any time since the incident that is the basis of this suit.

**RESPONSE:**


4.      Please produce a complete and accurate copy of any and all documents, color photographs and/or videotapes that you intend to introduce into evidence at the trial of this case.

**RESPONSE:**


5.      Please produce a complete and accurate transcript of any statements obtained from Plaintiff.

**RESPONSE:**


6.      Please produce a complete and accurate transcript of any statements obtained by you, or on your behalf, concerning the subject litigation.

**RESPONSE:**


7.      Please produce a complete and accurate transcript of any correspondence between you and Plaintiff or her representative or between your representative and Plaintiff occurring before Plaintiff filed this lawsuit.

DOCUMENT 2

**RESPONSE:**


8.      Please produce the entire file of any expert that you intend to call to testify at the trial of this case.

**RESPONSE:**


9.      Please produce a current *curriculum vitae* of any expert that you intend to call to testify at the trial of this case.

**RESPONSE:**


10.     Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

**RESPONSE:**


**11.**     Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to any and all documentation of the events surrounding the incident made the basis of this suit.

**RESPONSE:**


12.     Please produce a copy of all records obtained regarding Plaintiff.  [You have a continuing duty to supplement this request.  Additionally, please consider this a formal request for all records obtained pursuant to Rule 45 of the ALABAMA RULES OF CIVIL PROCEDURE].

**RESPONSE:**

DOCUMENT 2

Respectfully,


/s/ Jonathan W. Cooner
**Jonathan W. Cooner
(COO101)**

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile


PLEASE SERVE DISCOVERY WITH COMPLAINT

**IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA**

TAMEKA MICHELE CARRUTHERS,  )
                                         )
                                         )
       **Plaintiff,**              )
                                         )
**v.**                                      )     **CASE NO.:**
                                         )
**VARIETY WHOLESALERS, INC.**  )
                                         )
       **Defendant.**           )
                                         )

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, VARIETY WHOLESALERS, INC.

---

**COMES NOW** the Plaintiff in the above-styled cause and, pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, propounds to Defendant, **VARIETY WHOLESALERS, INC.** the following interrogatories to be answered and responded to pursuant to Rule 33 of the ALABAMA RULES OF CIVIL PROCEDURE.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter and (b.) matters on which he/she is expected to testify and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which: (a.) you know that the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

1

DOCUMENT 2

DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "Yours" shall mean the Defendant and each of its employees, agents or representatives and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian. If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Incident" means the occurrence at premises made basis of this lawsuit in Barbour County, AL which caused injury to Tameka Michele Carruthers.

2

DOCUMENT 2

## <u>INTERROGATORIES</u>

1.      Are you named correctly in the complaint?  If not, how should you be correctly designated in an action at law?

**<u>RESPONSE:</u>**

2.      Please list and identify each partner, employee, agent, and/or business associate of this Defendant, or any other persons, who has knowledge, in any way, of the incident made the basis of this suit.

**<u>RESPONSE:</u>**

3.      Please state the most current information regarding the name, address and telephone number of every person present on March 16, 2021, at Defendant's premises in Eufaula, AL where the incident made the basis of this suit occurred and state his/her position and/or relation to this defendant and their responsibilities in regards to the premises.

**<u>RESPONSE:</u>**

4.      Please identify each person who has knowledge concerning the facts surrounding the incident made the basis of this suit.

**<u>RESPONSE:</u>**

5.      Please identify each person from which you have obtained a statement concerning the incident made the basis of this lawsuit.

**<u>RESPONSE:</u>**

3

6.      Please identify the person, firm and/or corporation(s) who were responsible for the cleaning and maintenance of the premises in which Plaintiff was injured.

**RESPONSE:**


7.      Please state whether you had any warning signs posted in the vicinity where Plaintiff fell.

**RESPONSE:**


8.      If you contend that warning signs were posted, please state the substance and location of each sign.

**RESPONSE:**


9.      Please state whether defective materials and or conditions were located upon the premises in the general area of Plaintiff's fall on March 16, 2021, prior to the incident made the basis of this lawsuit.

**RESPONSE:**


10.     If defective materials and or conditions were located upon the premises, please state what steps, if any, you took to clear the defective materials and conditions from the premises and identify the individual responsible for performing the task.

**RESPONSE:**


4

DOCUMENT 2

11.     Please identify the defective materials and conditions on the premises through which Plaintiff fell.

**RESPONSE:**


12.     Please identify any and all contracts for repairs to the premises both before and after the incident made a basis of this lawsuit to include the name of the contractor, their contact information, the nature of the work to be performed, and the cost of those repairs.

**RESPONSE:**


13.     Please identify each expert that you plan on having testify at the trial of this cause, including any and all medical experts.  Additionally, please give a summary of the opinions which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

**RESPONSE:**


14.     Please state in detail each and every fact known to you or made known to you through third parties concerning how the incident made the basis of this suit occurred and identify each said person.

**RESPONSE:**

DOCUMENT 2

15.    If you contend that Plaintiff was contributorily negligent in any manner whatsoever, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**


16.    If you contend that Plaintiff assumed the risk of her injuries, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**


17.    If you contend the hazard which caused Plaintiff to fall was open and obvious, then please state each and every fact upon which you rely.

**RESPONSE:**


18.    Please state in detail your knowledge, as well as other third persons, concerning the presence of defective materials and conditions on the premises upon which Plaintiff fell.  Additionally, please identify each and every person who had knowledge concerning the presence of the defective materials and condition on the floor prior to Plaintiff's fall, how it came to be on the premises and how long said materials were on the premises prior to Plaintiff's fall.

**RESPONSE:**

19.    Please state whether you have any policy, procedure or safety program instituted regarding maintaining your premises in a safe condition.  If so, please state the substance of said policy, procedure or safety program.

6

DOCUMENT 2

**RESPONSE:**

20.    Please state precisely and descriptively the location on the premises where the event made the basis of this suit occurred.

**RESPONSE:**

21.    Please identify by name and address the individual responsible for answering these interrogatories.

**RESPONSE:**

22.    Have you been advised that these interrogatories and the accompanying requests for production are required to be answered under oath?

**RESPONSE:**

23.    Identify the insurance carrier and **state the policy limits** of each and every liability policy of insurance which will or may provide any coverage for this Defendant arising out of the incident made the basis of this lawsuit.

**RESPONSE:**

24.    For all documents withheld from identification and/or production based upon only theory of privilege or other objection to any of Plaintiff's discovery requests served in this lawsuit, describe said document with particularity (i.e. – give a description

7

DOCUMENT 2

of the document, state when the document was generated and state the subject matter of

the document).

**RESPONSE:**


/s/ Jonathan W. Cooner

**Jonathan W. Cooner**
**(COO101)**


**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 323-1000
(205) 323-1877- Facsimile



Please serve discovery with complaint

DOCUMENT 3



**AlaFile E-Notice**

69-CV-2022-900026.00

To:   JONATHAN WESLEY COONER
      jcooner@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

TAMEKA MICHELE CARRUTHERS V. VARIETY WHOLESALERS, INC.
69-CV-2022-900026.00

The following complaint was FILED on 6/2/2022 3:17:26 PM

Notice Date:     6/2/2022 3:17:26 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
405 EAST BARBOUR STREET
SUITE 3, ROOM 119
EUFAULA, AL, 36027

334-687-1500
paige.smith@alacourt.gov

DOCUMENT 3



AlaFile E-Notice

69-CV-2022-900026.00

To:  VARIETY WHOLESALERS, INC.
     641 SOUTH LAWRENCE ST.
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA

TAMEKA MICHELE CARRUTHERS V. VARIETY WHOLESALERS, INC.
69-CV-2022-900026.00

The following complaint was FILED on 6/2/2022 3:17:26 PM

Notice Date:     6/2/2022 3:17:26 PM

PAIGE SMITH
CIRCUIT COURT CLERK
BARBOUR COUNTY, ALABAMA
405 EAST BARBOUR STREET
SUITE 3, ROOM 119
EUFAULA, AL, 36027

334-687-1500
paige.smith@alacourt.gov

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>69-CV-2022-900026.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
### TAMEKA MICHELE CARRUTHERS V. VARIETY WHOLESALERS, INC.

**NOTICE TO:** VARIETY WHOLESALERS, INC., 641 SOUTH LAWRENCE ST., MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JONATHAN WESLEY COONER

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3626 CLAIRMONT AVE. S., BIRMINGHAM, AL 35222

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TAMEKA MICHELE CARRUTHERS *(Name(s))* pursuant to the Alabama Rules of the Civil Procedure.

| 06/02/2022 | /s/ PAIGE SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ JONATHAN WESLEY COONER

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*