IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMEKA MICHELE CARRUTHERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-CV-400-KFP |
| | ) |
| VARIETY WHOLESALERS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tamika Michele Carruthers initiated this tort action in the Circuit Court for Barbour County, Alabama, against Defendant Variety Wholesalers, Inc. and other unknown defendants. Doc. 1-2. Carruthers alleges she fell while shopping at a Roses Discount Store owned and operated by Variety. Carruthers claims Variety failed to properly maintain the premises, and, as a result, she has suffered physical and emotional injuries and incurred medical expenses for which she seeks unspecified compensatory and punitive damages. *Id.* Variety denies liability. Doc. 5. After Variety removed the case to this Court, Carruthers moved to remand, arguing that, although the parties are diverse in citizenship, Variety has not proven by a preponderance of evidence that the amount in controversy exceeds $75,000. After reviewing the parties' briefs and evidentiary submissions, the Court finds that Variety has not established the amount in controversy exceeds the statutory minimum and that Carruthers' motion is due to be GRANTED.

## I.    LEGAL STANDARD

Federal courts exercise limited jurisdiction and possess only the power authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). Courts should presume a case lacks jurisdiction, and the burden of establishing the contrary is on the party asserting jurisdiction. *Id.* Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of her claim. *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, a defendant's right to remove and a plaintiff's right to choose her forum are "not on equal footing." *Id.* Accordingly, a defendant's removal burden is heavy. *Id.* If a complaint omits a specific damages demand, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc*., 613 F.3d 1058, 1061 (11th Cir. 2010).

When a defendant removes a case within thirty days after receipt of the initial complaint, a court considers both the complaint and other evidence introduced by the defendant. *See Sullins v. Moreland*, 511 F. Supp. 3d 1220, 1223–24 (M.D. Ala. 2021) (citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 753–754 (11th Cir. 2010)). A court may use "'deduction, inference, or other extrapolation' to determine whether the relevant evidence submitted by the removing party supports the existence of the required amount in controversy." *Id.* at 1224 (quoting *Pretka*, 608 F. 3d at 753). When a court is presented with a notice of removal without facts or specific allegations, "it may not speculate or divine 'by looking at the stars' the amount in controversy." *Id.* (quoting *Pretka*, 608 F.3d at 753).

## II.   DISCUSSION

Federal courts may exercise diversity subject matter jurisdiction when the litigants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Although the Complaint does not quantify the damages sought, Variety argues it has satisfied the jurisdictional requirements by referring to Carruthers's allegations of suffering in her Complaint, the request for punitive damages, Carruthers's settlement demand, and her refusal to agree to cap damages at $75,000.

First, Variety notes Carruthers has complained of significant injuries, pain, and suffering that imply the amount in controversy exceeds the jurisdictional demand. Carruthers asserts she endured a fractured wrist and injuries to her back, pelvis, and rectum. Doc. 1-2 at 5. For these injuries, Carruthers says she has received medical treatment and will continue to do so. *Id*. According to Carruthers, she has also suffered great pain, anguish, permanent injuries, lost wages, aggravation of existing maladies, and residual problems associated with her injuries. *Id*. These allegations, without more, do not detail Carruthers's harms, as the Complaint does not specify the nature of her injuries, the extent of medical treatment received, or the anticipated future suffering or medical expenses. The Court cannot speculate an amount in controversy from the unadorned injury allegations. Thus, the Complaint's articulation of Carruthers' suffering is not enough to overcome the jurisdictional demands. *See Pretka*, 608 F.3d at 753–54.

Variety next points to Carruthers's request for punitive damages; however, this does not establish that the amount in controversy exceeds $75,000. "To be sure, plaintiff's claim for punitive damages is properly considered in the evaluation of whether defendant[] ha[s]

shown that the amount in controversy exceeds $75,000. But there is nothing talismanic about such a demand that would per se satisfy the amount-in-controversy requirement and trigger federal subject-matter jurisdiction." *Lambeth v. Peterbilt Motors Co*., No. CIV.A. 12-0169-WS-N, 2012 WL 1712692, at *4 (S.D. Ala. May 15, 2012); *see Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) ("Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases.") (citing *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

Under Alabama law, "[p]unitive damages are not awarded because the injured party is entitled to them as a matter of right; they are awarded as a punishment to the wrongdoer and to deter him and others in the same or similar situation from such wrongdoing in the future." *City Bank of Ala. v. Eskridge*, 521 So. 2d 931, 933 (Ala. 1988). However, the value of Carruthers's punitive damages cannot be ascertained without speculating. The Complaint offers only formulaic recitations about reckless or wanton actions rather than illustrations of specific conduct. Without precise examples, it is impossible to ascertain the likelihood of a punitive damage award or the reprehensibility of Variety's conduct. *See Roe*, 613 F.3d at 1065 (stating that, in assessing punitive damages under Alabama law, "the worse the defendant's conduct was, the greater the damages should be"); *Arrington v. State Farm Ins.*, No. 2:14CV209-CSC, 2014 WL 2961104, at *7 (M.D. Ala. July 1, 2014) ("'[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct.'") (quoting *State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408, 419 (2003)).

Additionally, in a settlement demand letter, Carruthers's counsel did not mention punitive damages, suggesting that it is not a significant aspect of damages. *See Dean v. Sears, Roebuck & Co.*, No. CA 13-00487-C, 2014 WL 900723, at *6 (S.D. Ala. Mar. 7, 2014) ("It is telling that, in the Plaintiff's demand letter, she did not attempt to bolster her punitive damages claim or refer to it in any way. Had her punitive damages claim constituted a significant part of her damages, she likely would have mentioned it.") (internal record citation omitted). Carruthers's demand letter accuses Variety of failing to exhibit the standard of care owed to a business invitee but makes no reference to any alleged reprehensible conduct by Variety. Thus, on this record, there is no factual basis for this Court to appraise the probability or potential value of punitive damages.

Moreover, courts in this district have appreciated that settlement demands are negotiating instruments and often do not reflect a case's true value. *Davis v. Ray*, No. 2:19-CV-932-WKW, 2020 WL 1916170, at *2 (M.D. Ala. Apr. 20, 2020) (finding six-figure demand letter "does not tip the preponderance-of-the-evidence scales" in favor of sufficient amount in controversy for federal jurisdiction) (citing *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009)). All offers to compromise are not equal. A court may credit a demand letter that provides details of a plaintiff's legal theory, injuries, and requested relief more than a generic demand riddled with puffery and generalizations, but settlement demands normally are granted little weight in assessing the preponderance of the evidence. *Simpson v. Primerica Life Ins.*, No. 2:15-CV-777-WKW-PWG, 2015 WL 9315658, at *9 (M.D. Ala. Dec. 3, 2015) (citation omitted), *report and recommendation adopted*, 2:15-CV-777-WKW-PWG, 2015 WL 9413876 (M.D. Ala. Dec.

22, 2015) (quoting *Perkins v. Merion Realty Servs., LLC*, No. 2:14-CV-1171-WKW, 2015 WL 998198, at *2 (M.D. Ala. Mar. 6, 2015)).

Here, Carruthers's settlement demand delivers more details of her injuries than her Complaint but not enough to ascertain a value for her claim. Doc. 1-1. On one hand, Carruthers' demand letter itemizes her medical expenses, which are less than $16,000, notes the course of her medical treatment, and discusses her specific diagnoses. Thus, the settlement demand provides more detail into the severity and extent of Carruthers's injuries than her Complaint. On the other hand, the letter does little to illuminate Carruthers's past suffering beyond providing a list of diagnoses and courses of treatment, and it makes no mention of lost wages or other economic damages. Likewise, aside from a conclusory statement that Carruthers will continue to incur medical bills in the future, the letter gives no particulars about future treatment or medical expenses, making it difficult to ascertain whether Carruthers will need additional medical treatment that will increase her economic damages.

Furthermore, the $200,000 settlement demand appears to be mere posturing for settlement negotiations. Carruthers's medical bills total less than $16,000, and there is little evidence to suggest that her harm is ongoing. Moreover, there is no indication that Carruthers's injuries were serious enough to require hospitalization or surgery.[1] These

---

[1] The Court also notes that the medical expenses may be inflated due to Carruthers's having continuously sought treatment at Medical Center Barbour's emergency department rather than a primary care provider. Thus, the trier of fact could find that not all of the medical expenses were necessary and reasonable, which would reduce the amount in controversy. *See Hooks v. Pettaway*, 142 So.3d 1151, 1158 (Ala. Civ. App. 2013) (acknowledging that an injured plaintiff may only recover reasonable and necessary medical expenses) (quoting *Ex parte Hicks*, 537 So.2d 486, 489–90 (Ala. 1988)).

facts, considered with the absence of any reference to punitive damages in the demand letter, suggest the letter was puffery and a negotiating tactic rather than a reasonable valuation of the case.

This is not a case akin to *Gallion v. Zoe's Restaurants, LLC*, in which this Court held that a demand letter adequately defined the cause of action and damages to establish the amount in controversy. 524 F. Supp. 3d 1236 (M.D. Ala. 2021). In that case, the plaintiff, an attorney, slipped in a Zoe's Restaurant and endured significant injuries that he claimed would necessitate his retirement three years before he had planned. Gallion's counsel sent a detailed letter demanding $450,000 to compromise his claim. This Court said of that settlement offer:

> [T]he letter bases the $450,000 demand on the amount Gallion might have earned leading up to retirement, and it specifically outlines his past earnings, which he alleges will be affected by his short-term memory loss and difficulty writing with his right hand, which "has made him reluctant to represent new clients if they have litigation claims." Moreover, the letter painstakingly describes his injuries and his prognoses. The letter included a diary Gallion kept, which outlines his "feelings, frustration and pain." The letter also describes his continued "short-term memory loss, loss of balance, and severe depression . . . ." The letter explains that Gallion has completed physical therapy and planned to make an appointment with a chiropractor. Gallion adds that his medical treatment is still ongoing.

*Id.* at 1242–43 (citations and internal record citations omitted). Carruthers's offer to compromise is a far cry from Gallion's. Carruthers' letter did not chronicle how her injuries affect her daily life or career, record her mental anguish, or note any ongoing or future medical treatment. Gallion's demand for $450,000 was supported by his anticipated early retirement, which moved his request from puffery to reality. *Id.* at 1243. Carruthers has made no similar claims to support her demand for $200,000. Consequently, because

Carruthers's settlement letter is not sufficiently detailed and her request for $200,000 is unsubstantiated, it does not establish the jurisdictional requirements.

Finally, Variety argues Carruthers's refusal to agree to cap her damages at $75,000 on remand as consideration for Variety's not opposing the instant motion overcomes the jurisdictional demands. This contention, while somewhat persuasive, does not satisfy Variety's burden. The Eleventh Circuit has noted, "There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [defendant's] burden of proof on the jurisdictional issue." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). Meanwhile, this Court has declared, "Refusing to stipulate that the amount in controversy is less than the jurisdictional requirement is not dispositive, but it nevertheless is probative to the existence of the amount in controversy." *Sullins v. Moreland*, 511 F. Supp. 3d 1220, 1229 (M.D. Ala. 2021). This Court added that it may not solely rely on the plaintiff's failure to stipulate the amount in controversy to find jurisdiction. *Id.*

Considering the evidence as a whole, Carruthers's refusal to cap her damages does not prove the amount in controversy. For the above reasons, the Court does not find by a preponderance of evidence that it is more likely than not the amount in controversy exceeds $75,000 here. Carruthers's failure to stipulate does not summarily transform a case that is unlikely to satisfy the jurisdictional limits into one that appeases the statute. Absent other support in the record, Carruthers's refusal to stipulate that her damages do not exceed $75,000 does not prove diversity jurisdiction.

In sum, Variety's arguments against remand are unavailing. The boilerplate allegations of harm in the Complaint do little to inform the Court of the amount in controversy. The request for punitive damages is founded on formulaic recitations of reckless and wanton behavior with no supporting factual allegations, and there is no mention of punitive damages in Carruthers' settlement demand letter, suggesting they are not a significant part of the damages she is seeking. The demand letter, while providing further details about Carruthers's injuries and $16,000 in medical expenses, is not sufficiently specific with respect to any ongoing harm, future treatment, or other economic loss and appears to be a negotiation starting point rather than a realistic appraisal of Carruthers's case. Finally, Carruthers's refusal to cap her damages at $75,000 is insufficient to satisfy Variety's burden when considered with the other evidence in this case. Thus, Variety has failed to demonstrate by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

## III.    CONCLUSION

Accordingly, it is ORDERED:

1.  Plaintiff's Motion to Remand (Doc. 6) is GRANTED.

2.  This case is REMANDED to the Circuit Court of Barbour County, Alabama.

3.  The Clerk of the Court is DIRECTED to effectuate the remand.

Done this 28th day of September, 2022.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE